JAMES KRUEGER, ESQ.     492
2065 Main Street
Wailuku, Maui, Hawaii  96793
Tel: 244-7444 (Maui)
     244-4177 (Facsimile)

Attorney for Plaintiff
#17-16 JK:dw

FILED

2017 JUL -5 AM 11: 05

V. ISHIHARA, CLERK
SECOND CIRCUIT COURT
STATE OF HAWAII

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| JONATHAN DEWILDE WILLIAMS<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>COVINGTON ENGINEERING CORP., RIO GRANDE, DAYTON ELECTRICAL MFG. CO., TEXTILE BUFF & WHEEL COMPANY, INC., JOHN DOES 1-5, JOHN DOE CORPORATIONS 1-5, JOHN DOE PARTNERSHIPS 1-5, ROE NON-PROFIT ORGANIZATIONS 1-5, AND ROE GOVERNMENT AGENCIES 1-5,<br><br>　　　　　Defendants. | CIVIL NO. 17-1-0281<br>(Non-Motor Vehicle Tort)<br><br>COMPLAINT; EXHIBITS 1-1H, EXHIBITS 2-2B; SUMMONS |

1.  At all times relevant herein, plaintiff JONATHAN WILLIAMS DEWILDE was a resident of the County of Maui, State of Hawaii.

2.  At all times relevant herein, defendants COVINGTON ENGINEERING CORP., RIO GRANDE, a Berkshire-Hathaway company, DAYTON ELECTRICAL MFG. CO., and TEXTILE BUFF & WHEEL COMPANY, INC., were entities which did business in the State of

1   **EXHIBIT A**

Hawaii, County of Maui, but whose state of citizenship and/or incorporation is unknown to plaintiff.

3. At all times relevant herein, named defendants, and/or any of them, researched, designed, tested, manufactured, advertised, and/or sold a certain product, shown in Exhibits 1-1H, which became the property of plaintiff.

4. The aforesaid product, in whole or in part, was used by plaintiff in a lawful and prudent manner, and was capable of cutting, grinding, sanding and/or polishing jewelry and related materials in Hawaii.

5. Plaintiff has diligently and in good faith attempted to ascertain names, identities, and possible defendants whose identities are presently unknown to plaintiff. Such attempts included obtaining plaintiff's applicable medical records. Despite the foregoing, the identities of other defendants, whose conduct may have been a legal cause of plaintiff's injuries and damages, remain unknown to plaintiff.

6. Plaintiff alleges on information and belief that, directly or indirectly, the conduct of other defendants, presently unknown to plaintiff, was or may have been a legal cause of the occurrence complained of and/or the injury, damage, or loss thereby sustained by plaintiff as a result of which all defendants, identified and unidentified, may be legally, jointly and severally liable to plaintiff for injuries and losses

sustained, inasmuch as the conduct of each defendant may have coincided with and/or concurred with that of each and every other defendant named and unnamed.

7. All events described herein occurred in the County of Maui, State of Hawaii, so that this Court is the appropriate venue for, and has jurisdiction over, this proceeding and the parties herein.

8. On or about September 8, 2016, plaintiff, in the operation of the aforesaid product, and/or any of it, and/or the conduct of defendants, and/or any of them, at his place of residence at 707 Komo Place, Wailuku, Hawaii, 96732, suffered the partial loss of his thumb as shown in Exhibits 2-2B.

9. Plaintiff suffered severance of a portion of his thumb as a legal result of the aforesaid product.

10. Defendants, and/or any of them, is/are strictly liable to plaintiff for such damages as plaintiff can prove to have resulted as aforesaid.

11. The aforesaid product had no protective device or kill switch as would have prevented plaintiff from losing a portion of his thumb as seen the photograph below:


(See following page)

3



12. The aforesaid product provided no warning to plaintiff that it could be a source of hand, thumb, or finger injury or damage.

13. As a legal result of the foregoing, plaintiff has suffered severe and permanent physical and/or mental suffering, emotional distress, diminution of wage and/or impairment of earning capacity, reduction of enjoyment of life's activities, expenses incurred for the treatment of injuries suffered, together with other damages as shall be proved at the time of trial.

14. Plaintiff's injury was not the result of negligence which was a cause of the aforesaid injuries suffered by him.

WHEREFORE, upon a hearing hereof, plaintiff prays that judgment be entered in his favor and against defendants, and/or any of them, jointly and severally, for such damages as to which he shall be entitled pursuant to proof adduced at trial, together with costs of suit, attorney's fees, pre-judgment interest, post-judgment interest, and such other and further relief as to which he shall be entitled pursuant to Rule 54 of the <u>Hawaii Rules of Civil Procedure</u>.

DATED: Wailuku, Maui, Hawaii, _____.         JUL 05 2017

/s/ James Krueger
JAMES KRUEGER, ESQ.
Attorney for Plaintiff



EXHIBIT 1



EXHIBIT 1-A



EXHIBIT 1-B



EXHIBIT 1-C



EXHIBIT 1-D



EXHIBIT 1-E



EXHIBIT 1-F



EXHIBIT 1-G



EXHIBIT 1-H

<mark>Case 1:17-cv-00481-KJM Document 1-1 Filed 09/25/17 Page 15 of 19 PageID #: 20</mark>



EXHIBIT 2





EXHIBIT 2-B

JAMES KRUEGER, ESQ.   492
2065 Main Street
Wailuku, Maui, Hawaii  96793
Tel: 244-7444 (Maui)
     244-4177 (Facsimile)

Attorney for Plaintiff
#17-16 JK:dw

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| JONATHAN DEWILDE WILLIAMS          ) | CIVIL NO. _____ |
|                                    ) | (Non-Motor Vehicle Tort) |
|          Plaintiff,                ) | |
|                                    ) | SUMMONS |
|     vs.                            ) | |
|                                    ) | |
| COVINGTON ENGINEERING CORP.,       ) | |
| RIO GRANDE, DAYTON ELECTRICAL      ) | |
| MFG. CO., TEXTILE BUFF &           ) | |
| WHEEL COMPANY, INC., JOHN          ) | |
| DOES 1-5, JOHN DOE                 ) | |
| CORPORATIONS 1-5, JOHN DOE         ) | |
| PARTNERSHIPS 1-5, ROE              ) | |
| NON-PROFIT ORGANIZATIONS           ) | |
| 1-5, AND ROE GOVERNMENT            ) | |
| AGENCIES 1-5,                      ) | |
|                                    ) | |
|          Defendants.               ) | |
| _____  ) | |

SUMMONS

TO THE DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with the court and serve upon JAMES KRUEGER, ESQ., trial and plaintiff's attorney, whose address is 2065 Main Street, Suite 102, Wailuku, Maui, Hawaii 96793, an answer to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail

1

to make your answer within the twenty-day time limit, judgment by default will be taken against you, including judgment for the relief demanded in this complaint, without further notice to you.

If you fail to obey this summons this may result in an entry of default and default judgment.

Pursuant to Rule 4(b) of the Hawaii Rules of Civil Procedure, this summons shall not be delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the public, unless a judge of the District or Circuit courts permits, in writing on the summons, personal delivery those hours.

DATED: Wailuku, Maui, Hawaii, __JUL - 5 2017__.

/sgd/ V. ISHIHARA (seal)
CLERK OF THE ABOVE-ENTITLED COURT

2